IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM L. BOBBERT, HF-9041, )
    Petitioner, )
     )
    v. ) 2:13-CV-1263
     )
COMMONWEALTH OF )
PENNSYLVANIA, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    William L. Bobbert has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    Bobbert was convicted upon a plea of guilty to charges of reckless endangerment, criminal mischief and persons not to possess a firearm at No. 1767 of 2006 in the Court of Common Pleas of Mercer County, Pennsylvania. On August 27, 2007 he was sentenced to a period of incarceration of two to five years.[1]

    Apparently no appeal was filed and thus his conviction became final on September 26, 2007.[2] However, he also states that he sought administrative relief from the determination of the Pennsylvania Board of Probation and Parole ("the Board") to "add[] time to sentence."[3] In support of the instant petition Bobbert contends he is entitled to relief on the following grounds:

    1. Deprived of liberty without due process. The Parole Board is an administrative hearing not an arm of the court… The only sentence recognized is one in a court of record.

    2. Not given equal protection of the law. A man battered my 18 month old. I got emergency custody but lost. He came to my home posted property, pulled out

---

[1] See: Petition at ¶¶ 1-6 and Exhibit 1 to the answer.
[2] In response to Question 8 of the petition, "Did you appeal from the judgment of conviction?" Bobbert responded negatively.
[3] See: Petition at ¶ 9.

1

     a gun, threatened to molest Shayna and burn the house down with me and my family in it. I was forced to protect my home and little girl.

3. To be twice in jeopardy for the same offense. I did the time in jail or on state parole. To do it over in jail or on parole again or a third time is ridiculous.

4. Cruel and unusual punishment to impose back time that exceeds the entire new sente[nce] for ungraded mist.[sic.] 10 months in jail + 2 years added onto state sentence.[4]

Thus, it would appear that Bobbert is seeking to challenge the actions of the Board in his first, third and fourth arguments, and seeking to challenge his conviction in his second argument.

The background to Bobbert's incarceration is set forth in the answer of the Commonwealth. Sentence was imposed on August 27, 2007.[5] Following a parole hearing held on July 1, 2008, the petitioner was ordered released on parole on or after October 28, 2008 with a sentence expiration date of October 28, 2011.[6] The actual date of release was December 5, 2008.[7] On February 15, 2011, petitioner was sentenced on other charges in Mercer County as a result of crimes committed while on parole.[8] As a result of this conviction, on May 3, 2011, the Board ordered him recommitted as a convicted parole violator with a sentence maximum of November 2, 2013.[9] Petitioner was reparoled on the original charges on September 26, 2011 with the same sentence maximum date.[10] While on parole, petitioner was charged with additional crimes committed while on release and as a result received a twelve to forty-two month additional sentence.[11] As a result of this conviction, on September 18, 2013, the Board recommitted Bobbert to serve an additional six months of his original sentence "when available" to do so.[12] As of the date of this latest order, September 18, 2013, a new maximum sentence date had not been determined.[13] Petitioner now comes before this Court seeking to challenge the actions of the Board in extending his maximum sentence expiration date.

It is provided in 28 U.S.C. §2254(b) that:

---

[4] See: Petition at ¶12.
[5] See: Petition and Exhibit 1 to the answer.
[6] See: Exhibit 2 to the answer.
[7] See: Exhibit 3 to the answer.
[8] See: Exhibit 4 to the answer.
[9] See: Exhibit 5 to the answer.
[10] See: Exhibit 6 to the answer.
[11] See: Exhibit 7 to the answer.
[12] See: Exhibit 8 to the answer.
[13] Id.

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

In his second issue, petitioner appears to be challenging his conviction. This issue has never been raised in the appellate courts of Pennsylvania, and because he can no longer do so, Rule 903 Pa.R.App.P., a procedural default has occurred. In Coleman v. Thompson, 501 U.S. 722, 750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because no such showing is made here, the petitioner has procedurally failed to exhaust the available state court remedies and no further consideration of this issue is warranted here.

Respondents also argue that this same conclusion must be drawn as to petitioner's challenge to the action of the Board, since he failed to exhaust his state court remedies. In support of this argument, respondents rely on Washington v. Varano, 2010 WL 5135896 (M.D.Pa.) in which the petitioner also challenged the recalculation of his maximum sentence by

3

the Board, and in which the court concluded that because the petitioner failed to raise his claims in the Commonwealth Court he had failed to exhaust his state court remedies and further consideration was inappropriate.

While it would appear that this conclusion is equally applicable here, it is also true that even if the petitioner has failed to exhaust his state court remedies, a federal court may proceed to consider a petition where it is denied on its merits, or lack thereof, 28 U.S.C. §2254(b)(2); Roman v. Diguglielmo, 675 F.3d 204,209 (3d Cir.2012).

The relevant Pennsylvania statute, 61 Pa.C.S.A.§ 6137 does not create a mandatory expectation of parole but rather has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the reasons for denying parole were based on the plaintiff's past conduct both inside and outside the institution and not on some arbitrary basis such "race, religion, political beliefs, or ... frivolous criteria with no rational relationship to the purpose of parole such as the color of one's eyes, the school one attended, or the style of one's clothing." Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980).

In Coady v. Vaughn, 251 F.3d 480,487 (3d Cir.2001), the Court observed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."

The applicable Pennsylvania law is set forth in 61 Pa.C.S.A. §6138(a):

(1) A parolee under the jurisdiction of the board released from a correctional facility, who, during the period on parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty … or to which the parolee pleads guilty or nolo

> contendere at any time, thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.
>
> (2) If the parolee's recommitment is so order, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted, and *shall be given no credit for the time at liberty on parole.*(emphasis added).

For the reasons set forth above, it is apparent that the petitioner has failed to exhaust the available state court remedies and for this reason, is petition is subject to dismissal here. Additionally, even if properly before this Court there is no basis for granting relief in that pursuant to Pennsylvania law, Bobbert is not entitled to credit on his sentence for time spent on parole where he was recommitted as a convicted parole violator.

Because neither his conviction nor continued incarceration was secured in any manner contrary to federal law as determined by the Supreme Court, Bobbert is not entitled to relief here. Accordingly, his petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 8th day of November, 2013, for the reasons set forth in the foregoing Memorandum, the petition of William I. Bobbert (ECF 3) is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

Pursuant to Rule 4(a), F.R.App.P. if petitioner desires to file an appeal, he must do so within thirty (30) days of this date.

s/ Robert C. Mitchell<br>
United States Magistrate Judge